L. W. & P. ARMSTRONG, Inc. v. THE MORMACMAR et al.

United States District Court
S. D. New York.
Sept. 29, 1949.

Hill, Rivkins & Middleton New York City, proctors for libellant.

Burlingham, Veeder, Clark & Hupper New York City, proctors for respondents.

HULBERT, District Judge.

This suit in admiralty was tried before Judge Medina, who rendered his opinion on October 31, 1947, reported in 75 F.Supp. 520, and thereafter made findings of fact and conclusions of law, sustaining libellant's claim against the respondent United States and Moore-McCormack Lines, Inc., with a reference to Xavier N. Sardaro, Esq., Special Commissioner, to assess damages, and dismissing the libel as to the respondent Isthmian Steamship Company.

Thereafter, an interlocutory decree was entered, and an appeal was taken therefrom by the unsuccessful respondents, but such appeal was withdrawn by stipulation on the 4th day of November, 1948.

On September 14, 1949, the present proctors for the respondent Moore-McCormack Lines, Inc. were substituted, and brought on this motion seeking permission to take testimony (1) of libellant through a duly authorized representative on any matter relating to cargo insurance obtained by or for libellant prior to the alleged loss upon which libellant's claim is based, (2) upon any matters relating to a certain agreement termed

"General Agency Agreement" in force at all material times between respondent Moore-McCormack Lines Inc. and respondent United States of America. In the event that the said motion to reopen this proceeding should be denied, then Moore-McCormack Lines, Inc. seeks (1) permission to reargue so much of the decision of Judge Medina holding said respondents liable, (2) and seeks to argue that the interlocutory decree herein should be vacated in so far as it relates to Moore-McCormack Lines, Inc., and (3) that an official decree should be entered dismissing the suit in so far as it relates to respondent Moore-McCormack Lines, Inc.

The moving party here could have had a trial *de novo* in the Court of Appeals, or could have applied in that Court to reopen the case and take further testimony until it foreclosed itself by stipulating to withdraw the appeal.

■ Apparently, the instant proceeding was not conceived until about the time or immediately prior to the substitution of proctors, and is apparently predicated upon the ineptitude or more correctly upon an error of judgment on the part of respondent's former counsel. This is not sufficient ground for the granting of this motion.

■ There is no assertion that the matter sought to be introduced now could not have been introduced at the trial of the action. "The rule is inflexible that leave is never given to admit new evidence after a decree where the party might by due diligence have introduced it originally in the cause, or had full and ample means of knowledge of it within his reach." Merchants' Banking Co. v. Cargo of the Afton, 2 Cir., 134 F. 727, 731, certiorari denied; Shewan, Tomes & Co. v. Merchants' Banking Co., 196 U.S. 639, 25 S.Ct. 794, 49 L.Ed. 630. The motion must be denied.

Settle order.